**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Richard Coleman, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since August of 2002. I am currently assigned to the ERO Criminal Prosecutions ("ECP") unit and have been so since June of 2020. I attended the Immigration Officer Basic Training Course in 2002. I have received training and have participated in investigations involving the enforcement of the immigration laws of the United States and the detection and apprehension of aliens who are in the United States unlawfully. My current duties as a Detention and Deportation Officer include, but are not limited to, conducting investigations involving foreign nationals who are present in the United States. I know that it is a violation of Title 8, United States Code, Section 1325(a)(2) to knowingly elude the immigration inspection and examination process.

2.  The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File # xxx-xxx-213 ("A-File") associated with an individual named Wellington Robert GUZMAN Tejeda ("GUZMAN") DOB: xx/xx/1998.

3.  This affidavit is submitted in support of a criminal complaint and arrest warrant charging GUZMAN with knowingly eluding the immigration inspection and examination process, in violation of Title 8, United States Code, Section 1325(a)(2). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant.

In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## **PROBABLE CAUSE**

4. On May 16, 2018, the United States Department of State (DOS) Consulate in the Dominican Republic received a nonimmigrant visa application (B1/B2) filed by an individual who identified himself as Wellington Robert GUZMAN Tejeda, a citizen of the Dominican Republic with DOB xx/xx/1988. As part of the visa application process, GUZMAN was fingerprinted, photographed, and assigned a DHS Fingerprint Identification Number System ID number ("FIN ID"): 1253236801. FIN ID numbers are unique to the individual. On May 23, 2018, the DOS Consulate in the Dominican Republic denied GUZMAN's nonimmigrant visa application.

5. At an unknown place, at an unknown time, GUZMAN entered the United States without being inspected or admitted by an immigration officer. Since that time, he has continued to elude examination or inspection by immigration officers.

6. On May 23, 2024, Boston Police Department (BPD) arrested an individual named Wellington Robert GUZMAN Tejeda, a citizen of the Dominican Republic with a DOB of xx/xx/1998 on charges of trafficking (Class A) fentanyl, more than 10 grams, and trafficking (Class B) cocaine, 18-36 grams. BPD took GUZMAN's fingerprints as part of the booking process.

7. When a subject is arrested by a Law Enforcement Agency and they take the subject's fingerprints, those fingerprints are then submitted to the FBI database system ("CJIS"). The fingerprint results are then sent to DHS's Office of Biometric Identity Management ("OBIM"). OBIM maintains a biometric system called IDENT, which maintains fingerprint records on every alien's fingerprints that ICE, CBP or USCIS has captured for whatever reason.

The IDENT prints are maintained under the individual's unique FINS number. The FBI prints and the IDENT prints are then automatically compared using various points of the fingerprints friction ridge detail to establish a biometric match, if any.

8. On May 23, 2024, ERO Boston received an alert that GUZMAN's fingerprints, as captured by BPD pursuant to his arrest, are a biometric fingerprint match to DHS FIN ID#1253236801, indicating that he is the same individual who applied for, and was denied, a nonimmigrant visa in 2018.

9. ERO Boston conducted further immigration checks and found no evidence that GUZMAN had been inspected and examined prior to his entering the United States. While ERO Boston was reviewing the case, the Boston Municipal Court ("BMC") Roxbury Division released GUZMAN on bail prior to ERO lodging an immigration detainer.

10. On October 7, 2025, GUZMAN was again arrested by BPD and charged with trafficking fentanyl, 100 grams or more, and trafficking cocaine, 18-36 grams. BPD took GUZMAN's fingerprints as part of the booking process.

11. On October 7, 2025, ERO Boston received an alert that GUZMAN is a biometric fingerprint match to DHS FIN ID#1253236801, indicating that he is the same individual who applied for, and was denied, a nonimmigrant visa in 2018.

12. ERO Boston again conducted further immigration checks and found no evidence that GUZMAN had been inspected and examined prior to his entering the United States. A detainer was lodged for GUZMAN with the BMC-Dorchester Division and later followed GUZMAN to Nashua Street Jail, where he is currently detained.

13. Based on the evidence set forth above, I have probable cause to believe that the individual currently in custody at the Nashua Street Jail who was arrested on May 23, 2024 and

again on October 7, 2025; and the person that filed the B1/B2 application in 2018 in the Dominican Republic, are the same person—GUZMAN. Furthermore, GUZMAN has continuously eluded inspection and examination by an immigration officer since he entered the United States.

14. On November 3, 2025, I reviewed the documents contained in GUZMAN's A-file and confirmed, among other things, that GUZMAN is a citizen and national of the Dominican Republic.

## CONCLUSION

15. Based on the foregoing facts, I submit there is probable cause to believe that from at least in or around May 23, 2024 and continuing through the present, GUZMAN, being an alien and having been found in the United States without having been examined or inspected by an immigration officer, is continuing to knowingly elude inspection, in violation of Title 8, United States Code, Section 1325(a)(2).

*Richard Coleman (by JDH)*
RICHARD COLEMAN
Detention and Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of November 17, 2025.

JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE

4